United States District Court

Eastern District of California

Casey Joseph Cicero,

        Petitioner,               No. Civ. S 04-2519 MCE PAN P

   vs.                        Findings and Recommendations

William Duncan, Warden,

        Respondent.

-oOo-

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  He challenges a Sacramento County conviction of first degree murder (felony murder in the course of a robbery), for which he was sentenced to serve 25 years to life. The judgment was final December 23, 2003, 90 days after the California Supreme Court denied review.

The petition herein was filed November 29, 2004.

Petitioner and Maria Tenorio enticed the victim into their car with a promise of sex with Tenorio; they then attempted to

1  rob the victim, and petitioner or Tenorio stabbed him to death.

2  Douglas Pugh later told the police petitioner admitted to him the

3  attempted robbery and killing.

4      The original petition alleged the prosecution relied on

5  Tenorio's testimony and Pugh's statement to police (which Pugh

6  disavowed at trial).  The pleading did not explain how that

7  violated petitioner's constitutional rights[1] and, therefore, the

8  court dismissed the petition for failing to state a federal

9  claim.  Petitioner filed an amended petition April 27, 2005,

10 after the one-year limitation period expired.

11     The amended petition alleges (1) introduction of

12 incriminating testimony from Tenorio, who had entered a plea

13 agreement with the prosecution, violated due process; (2)

14 introduction of Pugh's statement after he recanted it violated

15 due process; (3) the state court's ruling that California's

16 corpus delicti rule[2] did not apply to charges of felony murder

17 violated equal protection and due process; and (4) petitioner was

18 convicted based on insufficient evidence of the attempted robbery

19 in violation of due process.

20     Respondent moved July 11, 2005, to dismiss the petition upon

21

22     [1]  The rule that a criminal conviction cannot rest upon the

23 uncorroborated testimony of an accomplice to a crime does not implicate any constitutional principle.

24     [2]  Under California's corpus delicti rule, a defendant cannot be

25 convicted based only on his extrajudicial statements, confessions or admissions.  The rule ensures no one will be convicted falsely, based on his or her words alone, of a crime that never happened.  Independent proof

26 permitting an inference of criminal conduct satisfies the rule.

825729b1628af836

1  the ground claims one, two and four of the amended petition are

2  unexhausted and claim three is time-barred.

3       Petitions presented to the California courts contained two

4  arguments: (1) that the corpus delicti rule applied and, (2) if

5  not, failure to apply it violated due process and equal

6  protection.  The second argument "fairly presented" to the state

7  court petitioner's claim three herein, which is exhausted.

8       This sole exhausted claim is time-barred, however.

9  Petitioner argues claim three relates back to his initial

10 pleading, which complained about the use of Tenorio's testimony

11 and Pugh's statement to convict him, thus raising "cumulative"

12 parts of a single, exhausted claim.  The state appellate court

13 held that even if the corpus delicti rule were applied to felony

14 murder charges against petitioner, his conviction would stand

15 because evidence from Tenorio, Pugh, and other witnesses who saw

16 the victim get in the car, and the victim's body dead of a stab

17 wound, corroborated petitioner's admission.

18      This court finds petitioner's claims one and two are not

19 cumulative to claim three; rather, they are entirely separate

20 arguments positing an alternative ground for relief should claim

21 three be rejected.  Moreover, the events underlying claims one

22 and two (admission of Tenorio's testimony and Pugh's statement)

23 are different in "both time and type" from the events underlying

24 claim three (instruction of petitioner's jury on the corpus

25 delicti rule).  See Mayle v. Felix, ___ U.S. ___, 125 S.Ct. 2562

26 (2005).  Claim three does not "relate back" to the initial

1  pleading.

2      Accordingly, the court hereby recommends respondent's July

3  11, 2005, motion to dismiss be granted, claim three be dismissed

4  with prejudice as time-barred, and claims one, two and four be

5  dismissed as unexhausted.[3]

6      Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these

7  findings and recommendations are submitted to the United States

8  District Judge assigned to this case.  Written objections may be

9  filed within 10 days of service of these findings and

10  recommendations.  The document should be captioned "Objections to

11  Magistrate Judge's Findings and Recommendations."  The district

12  judge may accept, reject, or modify these findings and

13  recommendations in whole or in part.

14      Dated:  November 29, 2005.

15                              /s/ Peter A. Nowinski
16                              PETER A. NOWINSKI
                                Magistrate Judge

17

18

19

20

21

22

23
_____

24  [3]   Petitioner has moved the court to compel respondent provide him with
transcripts his appellate attorney failed to give him.  Delay in receipt of
transcripts is of no present moment, because it could not have caused delay in
25  presenting petitioner's untimely claim (which could have been pleaded simply
by attaching appellant's opening brief on appeal).  Whether good cause exists
26  for delay in exhausting other claims is not before the court.